UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:14CV-P479-JGH

**YUCHI EL AKA ANTONIO L. BURGESS**                                                      **PLAINTIFF**

v.

**CATHY BUCK**                                                                                                **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Yuchi El AKA Antonio L. Burgess filed the instant *pro se* 28 U.S.C. § 1983 action proceeding *in forma pauperis*. This matter is before the Court on the initial review of the action pursuant to 28 U.S.C. § 1915A. Upon initial review, for the reasons set forth herein, the Court will dismiss the action.

**I. SUMMARY OF ALLEGATIONS**

Plaintiff is a convicted inmate currently incarcerated at the Blackburn Correctional Complex. His complaint arises out of his previous incarceration at the Luther Luckett Correctional Complex (LLCC). He sues Cathy Buck, whom he identifies as a Grievance Coordinator at LLCC, in her official capacity only.

Plaintiff states that on June 16, 2014, he requested a notary stamp on a document from Defendant Buck. He reports that when he handed her the document to be notarized, she started to read it and asked him what it was. He states, "I replied the head line of my documents 'Moorish National Republic Federal Government, North West Amexem/Northwest Africa/North American/The North Gate, The True and Dejure Al Moroccans, Societas Republicae Ea Al Maurikanos, The Aboriginal/Indigenous National People of the Land.'" Defendant Buck asked

where he was from, and he replied, "'The Moroccon Empire.'" Plaintiff further states as follows:

> She proceeded to read my property. I ask her what she was doing, that's between my legal team and I, she kept reading. I asked her once more "why are you reading all of my documents." She replyed to make sure your not threating anyone" I told her it's just codes to law "USC codes, UCC codes, International law codes and what they mean, my status codes." She asked what was AA22141, I told her my certificate Registration number on file. I was a registered sovereign protected by law . . . she states, "what do you mean kidnapped assult on a forein official? Step out and close the door. I stand outside her door, she get's on the phone and calls someone, and starts to discuss what she read in my documents. . . . after 5 minutes or so, she opens the door and tells me to come in, giving back a id card with my debtor title on it. She "Cathy Buck" states "I know you are a United States citizen, I know law and I'm not comfortable signing it. I ask her "so your not notarizing my documents cause your not comfortable with what?" Stuff you put in them pages, I know law" I told her I'll hold her to it, and I'm not a United States citizen, since she knew law" I'm not a Negro, Black, colored African American, No 13, 14, 15 amendment corporation, I'm a flesh and blood human being. Jus Sanguihis, since she knew law. I'd be filling a grievance about Discrimination. She wrote her name down and gave it to me.

Plaintiff reports that he explained the issue to two non-Defendant corrections officers and that both officers told him to file a grievance and that Defendant Buck could not "do anything with the grievance because it had to do with her." He states that he then wrote a grievance stating "whom 'I am,' where I am from, Bill of Rights codes to prove to Ms. Buck I could never be a United States citizen by law, definitions of my legal stands, and that she had to represent D.AR. trying to discriminate against me, since she knows law." He further states the following:

> I asked for these facts to be placed on paper, so I can force my issue outside of this place, so the governor and States Attorney could see what's going on behind these walls, "my action requests." She Ms. Buck had highlighted several issues in my grievance, had her grievance aid tell me "Lewis Clark" to take them out, and she would let it go through. I asked how is she dealing with my grievance, when it's about her.

Plaintiff also states that he asked several people to give him a copy but no one would give him a copy. He states that Defendant "wasn't suppost to be able to deal with my grievance and when

she see's the nature of my Action Requested, she dictated the outcome of it. She discrimanated against me, through her position and my status."

As relief, Plaintiff seeks $5,800,000 in punitive damages.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* §§ 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). When determining whether a plaintiff has stated a claim upon which relief can be granted, the court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a

'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).

### III. ANALYSIS

*Official-capacity claims*

Plaintiff sues Defendant in her official capacity only. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Because Defendant is an employee of the Commonwealth of Kentucky, the claim brought against her in her official capacity is deemed a claim against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for money damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, because Plaintiff seeks money damages from a state officer or employees in her official capacity, he fails to allege a cognizable claim under § 1983. Additionally, the Eleventh Amendment acts as a bar to a claim for monetary damages against Defendant in her official capacity. *Kentucky v. Graham*, 473 U.S. at 169. Therefore, Plaintiff's official-capacity claims against Defendant will be dismissed for failure to state a claim upon which relief can be granted and for seeking monetary relief from a Defendant who are immune from such relief.

*Individual-capacity claims*

While Plaintiff sues Defendant in her official capacity only, even if he had sued Defendant in her individual capacity, the claims against her would still be dismissed.

*Access-to-courts claim*

The Court construes Plaintiff's claim that Defendant Buck refused to notarize his document as a denial-of-access-to-courts claim. Prisoners have a constitutional right of access to the courts. *Bounds v. Smith*, 430 U.S. 817, 821 (1977). However, the right of access to the courts has never been equated with unlimited access to legal materials and assistance. *See Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir. 1985). In order to state a claim for interference with access to the courts, a plaintiff must show actual injury. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). "An inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the inadequacy of the prison infirmary." *Lewis v. Casey*, 518 U.S. 343, 351 (1996). "'Meaningful access to the courts is the touchstone,' and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim." *Id.* (internal citations omitted). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005). Moreover, the prejudice requirement is not satisfied by just any type of frustrated legal claim. *Lewis v. Casey*, 518 U.S. at 351. A prison official may be held liable for denial of access to the courts only to the extent that his or her actions prevented a prisoner from pursuing or caused the rejection of a specific criminal defense, non-frivolous direct appeal, habeas corpus application, or civil-rights action. *Id.*; *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999).

Further, the Supreme Court has held that "the underlying cause of action . . . is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation." *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). The Supreme Court held that, "[l]ike any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Id.* at 416.

In the present case, Plaintiff alleges that Defendant refused to notarize a document for him. He states that the document contained federal and international law code provisions. The Court therefore presumes the document was a legal document. However, Plaintiff fails to allege what the legal document was, why it was required to be notarized, a criminal or civil cause of action in which the document needed to be filed, or any "lost remedy" he incurred. In other words, Plaintiff does not allege what legal claims may have actually been frustrated by Defendant's alleged actions, *i.e.*, that he was actually prevented from pursuing a specific criminal defense, non-frivolous direct appeal, habeas corpus application, or civil-rights action.

Accordingly, even if Plaintiff had sued Defendant in her individual capacity, his access-to-courts claims would be subject to dismissal for failure to state a claim upon which relief may be granted.

### *Grievances*

Plaintiff also alleges that Defendant improperly handled his grievance against her. However, there is "no constitutionally protected due process interest in unfettered access to a prison grievance procedure." *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). By the same token, a plaintiff cannot maintain a claim against a prison official based solely on his or her denial of the plaintiff's grievance. "The 'denial of administrative grievances

or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003). A plaintiff's claim is against the subjects of his grievances, not those who merely decided whether to grant or deny the grievances. *See Skinner v. Govorchin*, 463 F.3d 518, 525 (6th Cir. 2006) ("Skinner's complaint regarding Wolfenbarger's denial of Skinner's grievance appeal, it is clear, fails to state a claim."); *Lee v. Mich. Parole Bd.*, 104 F. App'x 490, 493 (6th Cir. 2004) ("Section 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance."); *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (same); *Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) ("[T]he denial of an appeal cannot in itself constitute sufficient personal involvement to state a claim for a constitutional violation."); *Martin v. Harvey*, 14 F. App'x 307, 309 (6th Cir. 2001) ("The denial of the grievance is not the same as the denial of a request to receive medical care."). Thus, where the only allegation against a defendant relates to the denial of a grievance, a plaintiff fails to allege any personal involvement by the defendant in the alleged constitutional violation. *Id.*

For these reasons, even if Plaintiff had sued Defendant in her individual capacity, the claim would have been dismissed for failure to state a claim upon which relief may be granted.

### *Discrimination claim*

Plaintiff also alleges that Defendant discriminated against him. The Court will construe this claim as a claim under the Fourteenth Amendment's Equal Protection Clause, which provides that a state may not "deny to any person within its jurisdiction the equal protection of

the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause "is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (citing *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To prove a violation of the Equal Protection Clause, a plaintiff must allege an invidious discriminatory purpose or intent. *Washington v. Davis*, 426 U.S. 229 (1976); *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. 256 (1979). "'Discriminatory purpose' . . . implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Mass. v. Feeney*, 442 U.S. at 279. Plaintiff must allege that he was treated differently from other similarly situated individuals and that "[he] and other individuals who were treated differently were similarly situated *in all material respects*." *Taylor Acquisitions, LLC v. City of Taylor*, 313 F. App'x 826, 636 (6th Cir. 2009) (emphasis in original).

Plaintiff alleges that Defendant discriminated against him when she refused to notarize his document and improperly handled his grievance. However, the allegations are broad and conclusory as they offer no factual allegations to support them. Plaintiff fails to allege that any similarly situated inmate was afforded different treatment. Nor does he allege any other facts demonstrating discriminatory purpose or intent.

Furthermore, Plaintiff cannot state an equal protection claim under the class-of-one theory. Under this theory, a plaintiff may bring an equal protection claim as a class of one where he alleges that he has been "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Rondigo, L.L.C. v. Casco Tp., Mich.*, 330 F. App'x 511, 519 (6th Cir. 2009) (quoting *Vill. of Willowbrook v. Olech*, 528 U.S.

562, 564 (2000)) (internal quotation marks omitted). As Plaintiff does not allege that any similarly situated inmate was treated differently from him, he fails to demonstrate an equal protection claim under a class-of-one theory.

Therefore, Plaintiff's discrimination claim would also fail to state a claim if he had sued Defendant in her individual capacity.

For the foregoing reasons, the Court will dismiss the action by separate Order.

Date:


cc: Plaintiff, *pro se*
 Defendant
4412.010